IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARRYL E. DOUGLAS,           :
                             :
         Petitioner,         :
                             :
    v.                       :    Civ. Act. No. 10-519-LPS
                             :
PERRY PHELPS, Warden, and    :
ATTORNEY GENERAL OF THE      :
STATE OF DELAWARE,           :
                             :
         Respondents.        :

Darryl E. Douglas. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

March 17, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

I.  **INTRODUCTION**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Darryl E. Douglas ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

II. **BACKGROUND**

In September 2003, Petitioner was charged by indictment with, *inter alia*, first degree robbery. (D.I. 14 at 1) A three-day jury trial commenced in April, 2004, during which the judge *sua sponte* dismissed two kidnaping and related firearm charges. The jury found Petitioner guilty of the remaining offenses: first degree robbery, aggravated menacing, and two counts of possession of a firearm during the commission of a felony ("PFDCF"). In June, 2004, Petitioner was sentenced as an habitual offender to life imprisonment for the first degree robbery conviction, and to a total of sixty-two additional years of incarceration on the other convictions. *Id.*

Petitioner appealed. The Delaware Supreme Court vacated the aggravated menacing and related PFDCF convictions, reversed the trial court's dismissal of the kidnaping and related PFDCF charges, and remanded the case for a new trial. *See Douglas v. State*, 879 A.2d 594, 600-01 (Del. 2005). The State elected not to prosecute Petitioner on the kidnaping and related PFDCF charges, and those charges were dismissed. (D.I. 14 at 2) On October 3, 2005, the trial court modified Petitioner's sentence to remove the thirty years of incarceration associated with the charges that had been dismissed. *Id.*

1

On April 19, 2006, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied on May 18, 2006. *See In re Douglas,* 2006 WL 1479544 (Del. Super. Ct. May 18, 2006). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on March 28, 2007. *See Douglas v. State*, 922 A.2d 414 (Table), 2007 WL 914225 (Del. Mar. 28, 2007).

Petitioner filed his second Rule 61 motion on February 4, 2009, which the Superior Court denied on February 12, 2009 as untimely and procedurally defaulted. *See In re Douglas*, 2006 WL 1479544, at *1. The Delaware Supreme Court affirmed that decision on June 2, 2009. *Douglas v. State*, 974 A.2d 857 (Table), 2009 WL 1525931 (Del. June 2, 2009).

Petitioner filed the instant § 2254 Petition in May, 2010. (D.I. 1) The State filed an Answer, asserting that the Petition should be dismissed as time-barred. (D.I. 14)

### III. THE ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. *See* 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## IV. DISCUSSION

Petitioner's § 2254 Petition, filed in June, 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because he does not allege, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D), the one-year period of limitations in this case began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In cases involving re-sentencings, the petitioner's judgment becomes final, and AEDPA's limitations period begins to run, from the date on which direct review of the re-sentencing or amended sentence expires. *See Burton v. Stewart*, 549 U.S. 147 (2007); *Cochran v. Phelps*, 600 F. Supp. 2d 603, 607 (Del. 2009). Here, the Delaware Superior Court modified Petitioner's sentence on October 3, 2005,

3

and he did not appeal that modification. Therefore, Petitioner's conviction became final on November 2, 2005, the date on which the thirty-day appeal period expired. *See* Del. Supr. Ct. R. 6(a)(ii) (establishing thirty day period for timely filing of notice of appeal).

Applying the one-year limitations period to that date, Petitioner had until November 2, 2006 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, waited until June 9, 2010[1] to file the Petition, which was three and one-half years after the expiration of the limitations period. Thus, his habeas Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, the limitations period ran for 167 days until Petitioner filed his first Rule 61 motion on April 19, 2006. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on March 28, 2007. Thus, Petitioner's first Rule 61 motion tolled the limitations period from April 19, 2006

---

[1]Pursuant to the prison mailbox rule, the Court adopts June 9, 2010 as the date of filing, because that is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

through March 28, 2007.

The limitations clock started to run again on March 29, 2007 and ran without interruption until the limitations period expired on October 13, 2007. Notably, Petitioner's second Rule 61 motion, filed in February 2009 and well-past the expiration of AEDPA's limitations period, had no statutory tolling effect. Accordingly, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner has not alleged, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing the Petition. To the extent Petitioner made a

---

[2]*Holland*, 130 S.Ct. at 2562.

mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Additionally, because he waited three years after the denial of his first Rule 61 motion to file his § 2254 Petition, Petitioner has failed to demonstrate that he exercised the level of diligence in pursuing relief that is necessary to warrant equitable tolling. Therefore, the equitable tolling doctrine does not apply in this case.

Accordingly, the Court will dismiss the Petition as untimely.

## V     **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI.     **CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.